Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Mario Cardoso,** Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiffs,<br><br>v.<br><br>**Pick A Part, LLC**, an Arizona company; **Rush Auto Recyclers, Inc.,** an Arizona company; **Daniel Rush,** an Arizona Resident; and **Janet Rush,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***<br><br>**(Jury Trial Requested)** |

Plaintiff Mario Cardoso, individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action on behalf of himself and all similarly-situated current and former yard laborer employees.

2.    Plaintiff and the Collective Members (defined below) are current and former yard laborer employees who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

3.    Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

4.    This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

5.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

### JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### PARTIES

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

8.     At all relevant times to the matters alleged herein, Plaintiff resided in the State of Arizona.

9.     At all material times, Plaintiff was a full-time, non-exempt employee of Defendants from on or around June 4, 2018 until present.

10.     At all relevant times during his employment, Plaintiff was employed as a yard laborer.

11.     At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12.     Plaintiff is a non-exempt employee.

13.     Defendant Pick A Part, LLC, is an Arizona company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

14.     Defendant Rush Auto Recyclers, Inc., is an Arizona company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

15.     Defendant Daniel Rush is an Arizona resident.  He has directly caused events to take place giving rise to this action.  Daniel Rush was at all times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16.     Defendant Janet Rush is an Arizona resident. She has directly caused events to take place giving rise to this action.  Janet Rush was at all times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendant Daniel Rush is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer

in relation to an employee. Defendant Daniel Rush had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of his employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Daniel Rush is subject to individual and personal liability under the FLSA.

18.     Under the FLSA, Defendant Janet Rush is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Janet Rush had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of his employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Janet Rush is subject to individual and personal liability under the FLSA.

19.     Plaintiff is further informed, believes, and thereon alleges that the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20.     Defendants are sued in both individual and corporate capacities.

21.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

22.    At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

23.    Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals work(ed) as yard laborers (or in a position with similar job titles or job duties) for Defendants.  The proposed collective class for the FLSA claim is defined as follows:

**All persons who worked as yard laborers (or in other positions with similar job titles or job duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").**

24.    Plaintiff has given his written consent to be a Party Plaintiff in this action pursuant to U.S.C. § 216(b).  Plaintiff's signed consent form is attached as **"Exhibit 1"**.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

25.    At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiffs' claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

26.     Defendants paid Plaintiff and the Collective Members an hourly rate.

27.     Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendants with overtime pay for all hours they worked over forty in a workweek.

28.     Defendants are aware that Plaintiff and the Collective Members, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendants still denied them overtime compensation.

29.     The Collective Members perform or have performed the same or similar work as Plaintiff.

30.     As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all overtime pay.

31.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

32.     The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

33.     All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

34.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

35.    Defendants uniformly misrepresented to Plaintiff and other yard laborers that they were receiving more money than they should if they did not receive all their overtime pay.  In reality, Plaintiff and other similarly situated employees are, and were entitled to overtime pay.

36.    Notice of this action should be sent to all similarly situated yard laborers.

37.    There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF CARDOSO**

38.    Plaintiff, on behalf of himself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

39.    On or around June 4, 2018 Cardoso began employment with Defendants as a yard laborer.  His main job duties included cutting car harnesses, setting up cars after processing, doing odd labor jobs, and buying scrap metal.

40.    Plaintiff did not have supervisory authority over any employees.

41.    Plaintiff did not possess the authority to hire or fire employees.

42.    Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employees.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

43.    Plaintiff did not direct the work of two or more employees.

44.    Plaintiff did not exercise discretion and independent judgment with respect to matter of significance.

45.    Plaintiff was not a manager.

46.    Plaintiff's primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

47.    Plaintiff routinely worked with knowledge of Defendants, and often at Defendants' requests, in excess of 40 hours per week.

48.    Specifically, during his employment, Plaintiff routinely worked in excess of 40 hours per week and was not paid all the premium one-and-one-half times his regular rate as required under the FLSA for hours worked over 40 in a workweek.

49.    For example. during the workweek of November 18, 2018, Plaintiff worked 22 hours of overtime and was only compensated $225.00 cash for the overtime hours worked.  Plaintiff received less than his normal straight time for all hours worked in excess of 40.  For 22 hours of overtime, Plaintiff should have received $396.00.

50.    Defendants uniformly misrepresented to Plaintiff that he was receiving more wages if they did not receive overtime pay.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE AND/OR REFUSAL TO PAY OVERTIME**

51.    Plaintiff, on behalf of himself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

52.    Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

53.     While employed by Defendants, Plaintiff and the Collective Members worked hours of overtime per week, each and every workweek, for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all such time.

54.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members all overtime according to the provisions of the FLSA.

55.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

56.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

57.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

58.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

59.     As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective

Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

F.    For the Court to provide reasonable incentive awards for named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.    Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED December 19, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com