**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Cardoso,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Pick A Part LLC, et al.,<br><br>　　　　　　Defendants. | No. CV-18-04759-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Mario Cardoso's (the "Plaintiff") Motion for Conditional Certification (the "Motion"). (Doc. 14) The Motion was fully briefed on March 27, 2019. (Docs. 18, 23) Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court's ruling is as follows.

**I.　Background**

The Plaintiff worked as a "yard laborer" employee of Pick A Part, LLC. (Doc. 1 at 3) Pick A Part, LLC is owned by Rush Auto Recyclers, Inc. (together, the "Defendants"). (Doc. 18 at 2) The Plaintiff alleges that he and other current and former employees were not paid one-and-one-half times their regular rates of pay for overtime hours worked. (Doc. 1 at 2) The Plaintiff filed a complaint (the "Complaint") against the Defendants, and other parties, alleging violations of the Fair Labor Standards Act ("FLSA"). (Doc. 1 at

2) The Plaintiff filed the Motion seeking conditional class certification. (Doc. 14)

## II. Legal Standard

The FLSA prohibits covered employers from employing any employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *Scales v. Info. Strategy Design Inc.*, 356 F. Supp. 3d 881, 884–85 (D. Ariz. 2018). "Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . .". 29 U.S.C. § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* Employees not named in the complaint who wish to join the action must give their consent in writing to the court in which the action is brought. *Scales,* 356 F. Supp. 3d 885.

"Section 216(b) does not define 'similarly situated', and the Ninth Circuit has not construed the term." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). "[D]istrict courts within the Ninth Circuit generally follow the two-tiered or two-step approach for making a collective action determination." *Id.* Under this approach,

> "the court determines, on an ad hoc case-by-case basis, whether plaintiffs are similarly situated. This requires the court to first make an initial 'notice stage' determination of whether plaintiffs are similarly situated. At this first stage, the court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If a plaintiff can survive this hurdle, the district court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit the potential class members to opt-into the lawsuit. Once the notification period ends, the Court moves on to the second step of the certification process. At the second step, in response to a motion to decertify the class filed by the defendant, the court makes yet another determination whether the proposed class members are similarly situated; this time, however, the court utilizes a much stricter standard to scrutinize the nature of the claims."

*Colson*, 687 F. Supp. 2d at 925.

Conditional certification is not automatic, and a plaintiff must show that some "identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Colson*, 687 F. Supp. 2d at 925; *Wertheim v. Arizona*, 1993 WL 603552, at 1 (D. Ariz. Sept. 30, 1993). The allegations need not be "strong [n]or conclusive;" the plaintiff need only show "that there is some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Id.* at 926. "Plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members." *Juvera v. Salcido*, 294 F. R. D. 516, 520 (D. Ariz. 2013). In other words, "[t]he court must only be satisfied that a reasonable basis exists for the plaintiffs' claims or class wide injury." *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W. D. Wash. 2011).

Whether a collective action should be conditionally certified ultimately is within the discretion of the court. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). The court should not review the underlying merits of the action, nor should it "resolve factual disputes . . . at the preliminary certification stage of an FLSA collective action." *Id*. at 926. "The court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014).

**III. Analysis**

  **A. <u>Certification</u>**

The Plaintiff seeks conditional certification of a class of "all persons who have worked or who are working as yard laborers for Defendants at any time during the three years preceding" this lawsuit. (Doc. 14 at 1) The Defendants do not generally object to the conditional class certification requested in the Motion. (Doc. 18 at 1) However, the Defendants contest the scope of the conditional class certification proposed by the

Plaintiff. (Doc. 18 at 3–4)

### 1. Scope of the Conditional Class

The Plaintiff seeks to include former and current employees of Pick A Part, LLC and Rush Auto Recyclers, Inc. in the proposed conditional class. (Doc. 14-2 at 2) The Defendants state that Rush Auto Recyclers, Inc. owns Pick A Part, LLC, along with "Rush Auto," a used car dealership, and "Just Truck and Van," a salvage yard. (Doc. 18 at 2) The Defendants argue that the conditional class should not include Rush Auto Recyclers, Inc.'s employees from Rush Auto and Just Truck and Van because the Plaintiff has failed to provide sufficient information for conditional certification. (Doc. 18 at 4)

The Complaint states that this action is brought on behalf of "current and former yard laborer employees." (Doc. 1 at 1) The Complaint does not mention employees of Rush Auto Recyclers, Inc.'s used car dealership. In the Plaintiff's declaration in support of the Motion, the Plaintiff specifically references his work in a "salvage yard" where he worked with other "yard laborers" who performed substantially similar jobs. (Doc. 14-1 at 2–3) The Court finds that the Plaintiff has set forth substantial allegations related to all potential class members that worked for Pick A Part, LLC and any of Rush Auto Recyclers, Inc.'s salvage yards, which would include former and current employees of Just Truck and Van. Thus, the Plaintiff has set forth a reasonable basis for including salvage yard employees of the named Defendants and Just Truck and Van in the conditional class. However, the Court finds that the Plaintiff has failed to make any substantial allegations against Rush Auto car dealership, as none of the allegations in the Complaint nor the information in the Plaintiff's declaration addresses Rush Auto. Accordingly, the Court finds that current and former employees of Rush Auto Recyclers, Inc. and Just Truck and Van are properly included as potential plaintiffs to this case, but current and former employees of Rush Auto car dealership are not properly included as potential plaintiffs.

### 2. Approval of Conditional Certification

The Defendants do not oppose the Plaintiff's request for conditional certification in

the Motion. Thus, in light of the Court's foregoing analysis, the Court finds that the Plaintiff has set forth substantial facts to demonstrate that there is a factual nexus that binds the Plaintiff to the current and former yard laborer employees of Pick A Part, LLC, Just Truck and Van, and Rush Auto Recyclers, Inc. as victims of a specific, systematic policy seeking to deprive them of overtime payments. Thus, the Motion will be granted to conditionally certify this group as a class for the purposes of this lawsuit.

**B. Approval of Notice**

The Defendants also contest (i) the time period of employment for potential class members described in the notice of collection action and lawsuit (the "Notice"); (ii) the language used to describe the Plaintiff's allegations in the Notice; and (iii) the amount of personal information requested by the Plaintiff to provide notice to potential class members. (Doc. 18 at 5–7)

1. Time

Through the Notice, the Plaintiff seeks to solicit class members that were current and former employees of the Defendants for a time period beginning December 19, 2015, through the present. (Doc. 14-2 at 3) The Defendants argue that the time period selected by the Plaintiff is greater than the statute of limitations applicable to this action. (Doc. 18 at 5) Specifically, the Defendants argue that the earliest the Plaintiff or any class members can seek relief is 3 years and 30 days prior to the day the Notice is issued. (Doc. 18 at 5) In reply, the Plaintiff argues that statute of limitations defenses are not properly considered when conditionally certifying a class. (Doc. 23 at 4–5)

In the only comparable case before the Court, *Taylor v. Autozone*, the Court found that the appropriate time period for a similar situation was " a period of three years before conditional class certification." *Taylor v. Autozone, Inc.*, 2011 WL 2357652, at 1 (D. Ariz. June 14, 2011). The Plaintiff cites cases supporting the premises that equitable tolling is plausible if (i) the Defendant fails to post the Notice, or (ii) circumstances prevented the Plaintiff or any class members from filing their claims on time. (Doc. 23 at 4–5) However, none of the cases cited by the Plaintiff provide instruction on setting a notice

5

period in a FLSA case.  Accordingly, the Court finds that it is appropriate to limit the conditional class to former and current employees of Pick A Part, LLC, Rush Auto Recyclers, Inc., and Just Truck and Van for the three years and 30 days preceding the Court's Order conditionally certifying the class.

2. "Allegations Language"

In response to the Motion, the Defendants seek to add language to the first paragraph of the Notice stating, "The Court has taken no position regarding the merits of the Plaintiff's claims or Defendant's defenses.  The issuance of this Notice does not mean that the Plaintiff has prevailed or will prevail on this matter." (Doc. 18 at 6; Doc. 18-1 at 2)  The Plaintiff does not oppose the Defendants' request. (Doc. 23 at 5)  Accordingly, the aforementioned language shall be added to the first paragraph of the Notice.

3. Email & SSN

The Plaintiff requests an order requiring the Defendants to provide a list of potential class members including their names, mailing addresses, email addresses, employee identification numbers, and last four digits of their social security numbers. (Doc. 14 at 11)  The Defendants do not object to providing the names, mailing addresses and last know mailing addresses for the potential class members. (Doc. 18 at 7)  The Defendants object to providing any portion of the social security numbers or employee identification numbers for these parties. (Doc. 18 at 7)  The Plaintiff fails to provide any support for a court order requiring a party to disclose social security numbers or employee identification number information.  Therefore, the Court will only require the Defendants to provide the names, mailing addresses, and e-mail addresses for any potential class members.

//
//
//
//
//

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to conditionally certify a collective class is **GRANTED**. The collective class of potential plaintiffs is conditionally certified under 29 U.S.C. § 216(b) and consists of all former and current employees of Pick A Part, LLC and Rush Auto Recyclers, Inc., including Just Truck and Van, who, at any time between July 22, 2016 and the date of this Order, worked as a yard laborer (or in other positions with similar job titles or job duties) for Pick A Part, LLC and Rush Auto Recyclers, Inc., including Just Truck and Van (the "Collective Members");

**IT IS FURTHER ORDERED** that the Defendants must provide Plaintiff's counsel with the names, all known addresses, all known email addresses (work and personal), and dates of employment for all Collective Members within five (5) days of this Order;

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall mail a copy of the "Notice of Collective Action" and "Consent Form", reflecting the edits discussed in this Order, via regular U.S. Mail and via electronic mail to all persons contained on the list within seven (7) days of receiving the list from the Defendants. Plaintiff's counsel may hire a third-party class action administrative company to oversee the mailing of the Notice of Collective Action and Consent Forms. Collective Members shall also be given the option to execute their Consent Forms electronically online. In the body of the email notice, Plaintiff's counsel shall provide a link for electronic execution of the Consent form. All consent forms shall be returned to Plaintiff's counsel who in turn will be responsible for filing them with the Court; and

**IT IS FURTHER ORDERED** that the Defendants shall post the Notice of Collective Action and Consent Form in a conspicuous place at each of their businesses for the full 60-day opt in time period. The Defendants shall also include the Notice of Collective Action and Consent Form on the first regular payday after the Court's Order with all current yard laborers paystubs. The Collective Members shall have sixty (60) days from the date of the mailing of the Notice and Consent Form to file their Notice of

Consent opting-in to this lawsuit as plaintiffs, unless good cause can be shown as to why the consent was not postmarked prior to the deadline. Thirty (30) days before the deadline to opt in, Plaintiff's counsel shall send the Notice of Collective Action and Consent Form to those class members who have not yet joined the lawsuit in the same manner described above.

Dated this 21st day of August, 2019.

Honorable Steven P. Logan
United States District Judge