Amy J. Gittler (State Bar No. 004977)
J. Alexander Dattilo (State Bar No. 030112)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, Arizona 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Amy.Gittler@jacksonlewis.com
Alexander.Dattilo@jacksonlewis.com

Attorneys for Defendants Pick A Part, LLC,
Rush Auto Recyclers, Inc. and Janet Rush

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Cardoso, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Pick A Part, LLC, an Arizona company; Rush Auto Recyclers, Inc., an Arizona company; Daniel Rush, an Arizona Resident; and Janet Rush, an Arizona resident,<br><br>　　　　Defendants. | Case No. 2:18-CV-04759-MTL<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE** |

## PROCEDURAL BACKGROUND

Plaintiff Mario Cardoso ("Cardoso"), a former employee of Defendant Pick a Part, LLC ("PAP") and Rush Auto Recyclers, Inc. ("RAR"), filed a civil action on or about December 19, 2018, individually and on behalf of all other allegedly similarly-situated employees, against PAP, RAR, Janet Rush ("Ms. Rush"), and Daniel Rush ("Mr. Rush"), collectively referred to herein as "Defendants", in the District of Arizona, *Mario Cardoso, et al. v. Pick A Part, LLC., et al.,* Case No. 22:18-cv-04759-SPL (hereinafter the "Lawsuit", or the "Action").

On or about August 27, 2019, the representatives of Defendants and the representatives of Cardoso and similarly-situated employees (collectively referred to

herein as "Plaintiffs"), with authority from their respective clients, resolved this matter, after months of discovery and communications.

The Parties wish to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in this Action or that reasonably arise out of the facts alleged in this Action, including but not limited to the alleged practices set forth in the pleadings in this Action.

## SETTLEMENT

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

1. Definitions:

   a. The "Settlement Class" or the "Class" consists of "all former and current employees of Pick a Part, LLC and Rush Auto Recyclers, Inc., including Just Truck at Van, who, at any time between July 22, 2016 and August 22, 2019, worked as yard laborers (or in other positions with similar job titles or job duties) for Pick a Part, LLC and Rush Auto Recycler's, Inc., including Just Truck and Van."

   b. "Class Member" means an individual within the foregoing Class.

   c. "Releasees" refers to and includes Defendants, Just Truck and Van, and their present and former subsidiaries, divisions, parent companies, holding companies, stockholders, shareholders, officers, directors, employees, agents, servants, representatives, employees, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA") including but not limited to all officers, directors and managers of Defendants in their personal capacities.

   d. The "Parties" refers collectively to Plaintiffs and Defendants.

   e. "Class Counsel" refers to Zoldan Law Group PLLC, collectively.

2. This Settlement Agreement is made and entered into by and between the Plaintiffs and Defendants. This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court. Plaintiffs and Defendants hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Action, on the terms and conditions set forth in this Settlement Agreement.

3. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any Releasees. Each of the Parties hereto have entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or Releasees, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

4. Class Counsel have conducted a thorough investigation into the facts of the Lawsuit and have diligently pursued investigation and prosecution of Class Members' claims against Defendants. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants both on the merits and with respect to class certification. Defendants and their respective counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

5. The Settlement Agreement contains and constitutes a full and complete settlement and release (as defined below) by Plaintiffs, which release includes in its effect Defendants and all Releasees.

6. Subject to Court approval of the Settlement Agreement, and on the terms and conditions set forth in this Settlement Agreement, RAR will pay a total of $32,861 according to the following breakdown and promise as follows:

a. Both opt-ins have signed this release. All payments will be wages subject to normal payroll tax withholding and W-2 reporting. RAR shall be responsible for all employer-paid and due taxes on these wages, including FICA, FUTA and state unemployment. Class Members' checks will automatically expire if they are not cashed within 90 days of their issuance date.

b. To determine the amount owed to each Class Member during the period at issue, RAR calculated the amount due to them and then doubled it, and added additional money as well. The total settlement amount of $11,736 was allocated as follows:

   i. Mario Cardoso – $5,400
   ii. Yukio Rodriguez – $6,336

c. Defendants Janet Rush and Daniel Rush each agree individually to pay to Class Counsel ½ of the sum up to a maximum of (i) $ 23,700 as attorneys' fees and (ii) $425 in costs and expenses, in full and complete satisfaction of all claims by Plaintiffs and their counsel for attorneys' fees, costs and expenses of any kind whatsoever. Defendants agree to and do not oppose this amount of attorneys' fees and costs. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs ultimately awarded by the Court.

d. All payments required under this Agreement will be made within 30 days after the deadline for appeal of the Court's final approval of the settlement, or 30 days after the final judgment, if the Class appeals.

**POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT**

7. A failure of the Court to approve any material condition of this Settlement Agreement which affects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. However, neither party may void the

1  Settlement Agreement based on the Court's approval or non-approval of the maximum
2  amount of attorneys' fees or costs in paragraph 6(c).

3      8.    If this Settlement Agreement is voided under the prior paragraph, this
4  Settlement Agreement shall have no force or effect; all negotiations, statements and
5  proceedings related thereto shall be without prejudice to the rights of any party, all of
6  whom shall be restored to their respective positions in the lawsuit prior to the settlement;
7  and neither this Settlement Agreement nor any ancillary documents, actions or filings the
8  Parties agreed to shall be admissible or offered into evidence in the lawsuit or any other
9  action for any purpose.

**SETTLEMENT AGREEMENT RELEASE AND PAYMENT PROCESS**

11      9.    By their signatures below, each Class Member fully releases and discharges
12  Defendants and Releasees from any and all claims, debts, penalties, liabilities, demands,
13  obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of
14  action of whatever kind or nature, whether known or unknown, including but not limited
15  to those that were alleged or that reasonably arise out of the acts alleged in the Action,
16  which includes all claims for wages, and including associated liquidated damages, interest,
17  and penalty claims that were asserted or could have been asserted in this lawsuit under the
18  FLSA or state wage and hour laws during the period three years prior to the filing of the
19  Complaint in this Action through the present. This release includes all claims for overtime
20  work under the FLSA and state law. Such overtime claims include any claims derivative
21  of wage claims being released, for the applicable statutes of limitation for each Class
22  Member.  Further, Mario Cardoso expressly releases all Defendants and Releasees from
23  any potential wrongful termination or FLSA retaliation claims, as well as any and all
24  claims, charges, complaints, liabilities and obligations of any nature whatsoever including,
25  but not limited to, rights or claims arising out of or related to his employment with RAR
26  or PAP, claims arising out of contract, express or implied, any covenant of good faith and
27  fair dealing, any equitable claims, the Family and Medical Leave Act of 1993, as
28  amended, Title VII of the Civil Rights Act of 1964, as amended, the 1991 Civil Rights

Act, 42 U.S.C. § 1981, the Arizona Civil Rights Act, the Arizona Wage Payment Act, the Arizona Employment Protection Act, the Fair Wages and Healthy Families Act, the Equal Pay Act, the Americans With Disabilities Act, the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act of 1975, the Age Discrimination in Employment Act, or any other federal, state or other governmental statute, regulation or ordinance and any rights or claims for personal injury, wages, overtime, vacation, commissions, bonuses, expense reimbursements, entitlements, benefits, or any other form of monetary or equitable relief which Cardoso now has, or claims to have, or which at any time hereinafter may have or claim to have whether known or unknown as of the date of signing this Agreement.

## ENFORCEMENT ACTIONS

10. This Settlement Agreement is fully enforceable in the U.S. District Court for the District of Arizona before such judge as may be designated by the procedures of the Court, who shall retain jurisdiction to enforce this agreement. The Parties hereby submit to the jurisdiction of the Court for all purposes relating to the review, approval and enforcement of the terms of this Agreement.

## CONSTRUCTION AND GOVERNING LAW

11. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

12. This Agreement shall be governed by Arizona law.

## CAPTIONS AND INTERPRETATIONS

13. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

14. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

15. This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

16. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## PUBLICITY

17. The Parties agree not issue any press release or use any social media about the Settlement Agreement or its terms. The Parties shall respond to employees or media only with the acknowledgment that "the matter was amicably resolved."

## COUNTERPARTS

18. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all

Parties. Signatures sent by facsimile machine, electronic signature (for counsel), or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

DATED November 13, 2019.

    Zoldan Law Group PLLC

    By /s/ *Jason Saul Barrat (with permission)*
    Michael David Zoldan
    Jason Saul Barrat
    Jessica Elizabeth Miller
    Attorneys for Plaintiffs

    JACKSON LEWIS P.C.

    By /s/ *Amy J. Gittler*
    Amy J. Gittler
    J. Alexander Dattilo
    Attorneys for Defendants
    Pick A Part, LLC, Rush Auto
    Recyclers, Inc. and Janet Rush

    DICKINSON WRIGHT PLLC

    By: /s/ *Dale Samuel Coffman (with permission)*
    Dale Samuel Coffman
    Attorney for Defendant Daniel Rush

I have reviewed the foregoing, consulted with my attorney, and agree to the foregoing:

_____    11 / 13 / 2019
Mario Cardoso                          Date

_____    _____
Yukio Rodriguez                      Date

Parties. Signatures sent by facsimile machine, electronic signature (for counsel), or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

DATED November 13, 2019.

           Zoldan Law Group PLLC

           By /s/ *Jason Saul Barrat (with permission)*
           Michael David Zoldan
           Jason Saul Barrat
           Jessica Elizabeth Miller
           Attorneys for Plaintiffs

           JACKSON LEWIS P.C.

           By /s/ *Amy J. Gittler*
           Amy J. Gittler
           J. Alexander Dattilo
           Attorneys for Defendants
           Pick A Part, LLC, Rush Auto
           Recyclers, Inc. and Janet Rush

           DICKINSON WRIGHT PLLC

           By: /s/ *Dale Samuel Coffman (with permission)*
           Dale Samuel Coffman
           Attorney for Defendant Daniel Rush

I have reviewed the foregoing, consulted with my attorney, and agree to the foregoing:

_____          _____
Mario Cardoso                              Date

*Yukio Rodriguez*                      11 / 13 / 2019
_____          _____
Yukio Rodriguez                            Date

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing And Transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Michael David Zoldan
Jason Saul Barrat
Jessica Elizabeth Miller
Zoldan Law Group PLLC
14500 N Northsight Blvd., Ste. 133
Scottsdale, AZ 85260
jbarrat@zoldangroup.com
Attorneys for Plaintiffs

Dale Samuel Coffman
Dickinson Wright PLLC
1850 N Central Ave., Ste. 1400
Phoenix, AZ 85004
scoffman@dickinsonwright.com
Attorney for Defendant Daniel Rush


By: */s/Amalia Tafoya*
4844-6375-0821, v. 2